IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LLOYD MONTGOMERY | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) NO. 3:20-cv-00714 |
| | ) |
| | ) JUDGE RICHARDSON |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Respondent. | ) |

## **ORDER**

Pending before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (Doc. No. 1, "Petition") filed pro se by Petitioner, wherein he seeks vacatur of his conviction in his underlying criminal case (Case No. 3:15-cr-00184-1).

For the reasons set forth in the accompanying Memorandum Opinion, the Petition (Doc. No. 1) is **DENIED**. The Clerk is directed to close the file.

This Order shall constitute the judgment in this case pursuant to Fed. R. Civ. P. 58.

Should Petitioner give timely notice of an appeal from this Order, such notice shall be treated as an application for a certificate of appealability, 28 U.S.C. § 2253(c). A district court may make a decision as to a certificate of appealability at the time it denies a § 2255 petition, even though the petitioner has yet to make an effective request for such a certificate by filing a notice of appeal (or otherwise). *See Castro v. United States*, 310 F.3d 900, 902 (6th Cir. 2002). "To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*,

529 U.S. 473, 483-84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). In this case, a certificate of appealability will not issue from this Court, because Petitioner has failed to make a substantial showing of the denial of a constitutional right. Petitioner may, however, seek a certificate of appealability directly from the Sixth Circuit Court of Appeals. Fed. R. App. P. 22(b)(1).

    IT IS SO ORDERED.

                                                               *Eli Richardson*
                                                               ELI RICHARDSON
                                                               UNITED STATES DISTRICT JUDGE